# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KAILYN CAGE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-03355-PX |
| NASA GODDARD SPACE FLIGHT CENTER, *et al.*, | * | |
| | * | |
| Defendants. | | |

***

## **MEMORANDUM OPINION**

Pending before the Court are three motions to dismiss, filed by Defendants University Space Research Association (ECF No. 5), Alutiiq Pacific LLC (ECF No. 10), and NASA Goddard Space Flight Center (ECF No. 14). Pro se Plaintiff Kailyn Cage has not responded to the motions nor has she answered this Court's Order to show cause as to why the Court should not rule on the motions without her response. *See* ECF No. 16. Accordingly, the Court considers the motions fully briefed, and no hearing is necessary. Loc. R. 105.6. For the following reasons, the motions are GRANTED.

**I.    Background**

On October 30, 2018, Plaintiff Kailyn Cage filed this suit against Defendants NASA Goddard Space Flight Center ("GSFC"), Alutiiq Pacific LLC ("Alutiiq"), and University Space Research Association ("USRA") (collectively, "Defendants"), asserting claims related to an incident from Cage's time as an intern at GSFC. *See* ECF No. 1. On July 29, 2015, during Cage's internship, Alutiiq security officers stopped Cage for a vehicle inspection as she was leaving GSFC's campus. ECF No. 14-3 ¶ 11. Cage brings three claims against Defendants arising out of this event. Cage asserts the officers "performed an illegal search of locked vehicle

compartments . . . without consent or a warrant," resulting in damage to her car. ECF No. 1 at 5. Cage next alleges that the officers "illegally detain[ed]" her and her property without probable cause. *Id.* Finally, Cage claims that she suffered "[d]eformation [sic] of character and subsequent dismissal of employment," including USRA's failure to pay her stipend in full. *Id.* Each Defendant has moved to dismiss, or for summary judgment, separately. The Court considers each motion in turn.

## II. USRA's Motion

### A. Standard of Review

USRA moves for dismissal or, in the alternative, for summary judgment, attacking the sufficiency of the claims. ECF No. 5-1 at 1. When a motion to dismiss is styled in the alternative as a motion for summary judgment, the Court may exercise its discretion under Rule 12(d) of the Federal Rules of Civil Procedure to convert the Rule 12(b)(6) motion to one brought pursuant to Rule 56. *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007); *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436 (D. Md. 2011), *aff'd sub nom. Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462 (4th Cir. 2012). Before a Rule 12(d) conversion, the parties must: (1) "be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment;" and (2) "be afforded a reasonable opportunity for discovery." *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (internal marks and citations omitted).

The first requirement is met "[w]hen a party is aware that material outside the pleadings is before the Court." *Id.* Parties are deemed to be on such notice when "the movant expressly captions its motion 'in the alternative' as one for summary judgment and submits matters outside

the pleadings for the court's consideration." *Hart v. Shearin*, No. GLR-15-2056, 2016 WL 3459846, at *4 (D. Md. June 24, 2016) (citing *Moret v. Harvey*, 381 F. Supp. 2d 458, 464 (D. Md. 2005)). As to the second requirement, a party "cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Id.* (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)); *see also Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995) ("[T]he failure to file an affidavit under [Rule 56(d)] is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.") (citation omitted).

USRA captioned its motion in the alternative for summary judgment and attached an affidavit including matters beyond the Complaint. *See* ECF Nos. 5, 5-3. Because Cage has been given ample opportunity to respond but has not mounted any opposition, the Court will treat the motion as one for summary judgment.

Summary judgment is appropriate when the Court, viewing the evidence in the light most favorable to the non-moving party, finds no genuine disputed issue of material fact, entitling the movant to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).

**B. Discussion**

Cage's Complaint incudes only one claim against USRA—that USRA "failed to pay the

remainder of [her] stipend" despite completion of her final project. ECF No. 1 at 5. Although Cage does not plead a particular statutory or common law claim, construed liberally, Cage appears to assert a claim for unpaid wages. Under either Maryland or federal law, however, Cage's claim is barred by the statute of limitations. A claim for unpaid wages under the Maryland Wage Payment and Collection Law "must be filed within three years and two weeks from the date on which the employer should have paid the wage." *Butler v. VisionAIR, Inc.*, 385 F. Supp. 2d 549, 554 (D. Md. 2005); *see also* Md. Code Ann., Lab. & Empl. § 3-507.2(a); Md. Code Ann., Cts. & Jud. Proc. § 5-101. Actions under the Fair Labor Standards Act must be brought within two years, or within three years if the claim states a "willful violation." 29 U.S.C. § 255(a).

Viewing the evidence most favorably to Cage, her termination date was July 30, 2015, and USRA issued the final stipend payment to Cage on August 4, 2015. ECF No. 5-3 ¶ 10. From final payment, Cage had until August 18, 2018 to file an unpaid wage claim against USRA at the latest. Cage did not file suit until October 30, 2018, well beyond the allowable time. Thus, her claim is barred by the statute of limitations. The Court grants USRA's summary judgment motion.

### III. Alutiiq's Motion

#### A. Standard of Review

Alutiiq solely moves for dismissal of the claims against it pursuant to Rule 12(b)(6). Such a motion tests the sufficiency of the claims as alleged in the Complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to

dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). In ruling on a Rule 12(b)(6) motion, the Court generally may not consider extrinsic evidence. *Zak v. Chelsea Therapeutics, Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) ("Consideration of extrinsic documents by a court during the pleading stage of litigation improperly converts the motion to dismiss into a motion for summary judgment."). However, the Court may consider documents attached to pleadings if "integral to and explicitly relied on in the complaint" and the plaintiff does not challenge the documents' authenticity. *Id.* at 606–07 (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).

Although pro se pleadings are construed liberally to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)).

B. Discussion

Cage alleges that Alutiiq "security contractors . . . performed an illegal search" of her vehicle and further illegally seized her person and property. ECF No. 1 at 5. Cage purports to bring these claims under 42 U.S.C. § 1983, as well as the Fourth and Fifth Amendments of the United States Constitution. *Id.* at 3. Section 1983, however, does not provide a cause of action against a federal contractor like Alutiiq. *See Walker v. U.S. Army Dep't Def. Med. Command*,

5

No. JKB-18-1778, 2019 WL 161498, at *2 (D. Md. Jan. 10, 2019); *Irving v. PAE Gov't Servs., Inc.*, 249 F. Supp. 3d 826, 835 (E.D. Va. 2017). "While a claim against a state agent may be pursued under Section 1983, for a federal defendant the proper claim is a *Bivens* claim rather than a Section 1983 claim." *Johnson v. United States Dep't of Justice*, No. PJM 14-4008, 2016 WL 4593467, at *5 (D. Md. Sept. 2, 2016).

Even if the Court construes the claim as a *Bivens* action, "it would fail because a plaintiff may only pursue a *Bivens* action against federal officers individually, not against federal agencies and departments." *Walker*, 2019 WL 161498, at *2; *see also Gilbert v. United States Bureau of Alcohol, Tobacco, Firearms & Explosives*, 306 F. Supp. 3d 776, 788 (D. Md. 2018) ("*Bivens* actions also cannot be brought against private actors or corporations, even when they are so closely aligned with federal officers that it might be said that they are acting under color of federal law."). The Complaint, viewed most charitably to Cage, does not bring any claims against individual actors who could be construed as federal officers. Thus, Cage's claims against Alutiiq must be dismissed. As "there is no set of facts the plaintiff could present to support [her] claim[s]," the claims are dismissed with prejudice. *See Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013).

**IV.    GSFC's Motion**

    **A. Standard of Review**

GSFC moves to dismiss under both Rule 12(b)(6) for failure to state a claim and Rule 12(b)(1) for lack of subject matter jurisdiction. Rule 12(b)(1) motions challenge a court's authority to hear the matter. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300–01 (4th Cir. 2009); *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Lovern v.*

*Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). In determining whether jurisdiction exists, "the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (internal marks and citation omitted). Where the defendant contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based," the Court construes the facts alleged in the complaint as true and most favorably to the plaintiff. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Whether the Court retains subject matter jurisdiction must be decided before reaching the merits of the case. *Jones v. Am. Postal Workers Union*, 192 F.3d 417, 422 (4th Cir. 1999).

### B. Discussion

GSFC argues that the Court lacks jurisdiction to hear all three claims, as the United States has not waived sovereign immunity under the Federal Tort Claims Act ("FTCA"). The FTCA "represents the exclusive remedy" for certain tort claims against the federal government. *See Young v. United States*, No. RDB 08-3349, 2009 WL 2170068, at *4 (D. Md. July 20, 2009). "Absent a statutory waiver, the United States is shielded from suit for a civil tort by sovereign immunity." *Gilbert*, 306 F. Supp. 3d at 784.

As to the first two counts, Cage avers an illegal search and seizure in violation of the Fourth and Fifth Amendments. ECF No. 1 at 5. As claims arising from constitutional violations, they are not cognizable under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994). This is because state law, rather than federal law, is the "source of substantive liability under the FTCA." *Id.* at 478 ("By definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right."); *see also Miree v. DeKalb Cty.*, 433 U.S. 25, 29 n.4 (1977) (citing 28 U.S.C. § 1346(b)). Thus, the FTCA has no

7

application to the constitutional claims against GSFC.

Rather, the claims as to GSFC are more properly understood as *Bivens* claims. Consequently, as with Alutiiq, the claims do not survive challenge because "a plaintiff may only pursue a *Bivens* action against federal officers individually, not against federal agencies and departments." *Walker*, 2019 WL 161498, at *2. Accordingly, Cage's constitutional claims against GSFC are dismissed with prejudice for failure to state a claim.

Count three, read liberally, asserts a common law defamation claim against GSFC which is circumscribed by the FTCA.[1] *See Gilbert*, 306 F. Supp. 3d at 784. The FTCA excludes from its sovereign immunity waiver "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). As to defamation claims, the government is thus immune from suit. *Khatami v. Compton*, 844 F. Supp. 2d 654, 664 (D. Md. 2012) (citing *Talbert v. United States*, 932 F.2d 1064, 1067 (4th Cir. 1991)). Thus, the defamation claim must be dismissed with prejudice for lack of subject matter jurisdiction.[2]

### V. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motions. ECF Nos. 5, 10, 14. A separate Order follows.

| | |
|---|---|
| 8/14/2019 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[1] Because of Cage's pro se status, GSFC has not objected to viewing the claim as brought against the United States, the only proper party for claims arising under FTCA, rather than dismissing the action outright for failure to sue the proper party. ECF No. 14-1 at 1 n.1 (citing *Shelton v. United States*, No. PWG-14-02031, 2015 WL 4663713, at *1 n.2 (D. Md. Aug. 5, 2015) (dismissing NASA as a defendant, because "[t]he only proper defendant for the claims brought pursuant to the FTCA is the United States")).

[2] The Court declines to reach Defendant's alternative arguments for dismissal.